IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER HOGAN,<br><br>  Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | No.   C 07-0779 SBA (PR)<br><br>**ORDER GRANTING PETITIONER'S MOTION TO STAY HABEAS PROCEEDINGS; DENYING RESPONDENT'S MOTION TO DISMISS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY**<br><br>(Docket nos. 17, 25) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. In lieu of an answer, Respondent filed a motion to dismiss for failure to exhaust state remedies. Petitioner has filed a motion to stay his federal petition while he exhausts his remedies in state court.

**DISCUSSION**

Petitioner raises four claims: (1) the trial court erroneously excluded evidence of third party culpability; (2) the trial court erred by failing to exclude sua sponte the testimony of a witness at trial; (3) the trial court erred in failing to admit a CAD (computer aided dispatch) report as evidence; and (4) Petitioner was erroneously convicted of both a greater and lesser offense. Respondent moves to dismiss the petition because Petitioner has failed to exhaust state remedies with respect to claims two and three. Therefore, Respondent argues that the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982), or in the alternative, Petitioner may elect to delete the unexhausted claim and proceed on the remaining claims. In his motion for a stay, Petitioner requests that he be permitted to return to state court to exhaust the unexhausted claims.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78). "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. Id. (citing Rose, 455 U.S. at 522

(the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief")).

Here, Petitioner's unexhausted claims (claims two and three) involve alleged evidentiary errors by the trial court. In claim two, Petitioner alleges that the trial court erred in failing to <u>sua sponte</u> exclude the admission of the preliminary hearing testimony of a witness who "recanted" his previous testimony during trial. (Am. Pet. at 6, Pet'r Ex. "Page Two.") Petitioner states:

> Allowing the witnesses [sic] testimony made the jury see the defendant as having "some" connection with the shooting. This produced a more biased appraisal of [Petitioner's] conduct, which in turn prejudiced [him]. This coupled with the fact [that] the court did not allow the introduction of evidence there could have been another shooter [claim one], strengthened the prosecution's case.

(<u>Id.</u>) Liberally construed, Petitioner is alleging a violation of his rights to due process and a fair trial. In claim three, Petitioner alleges that the trial court erred in failing to admit "potentially exculpatory information" (a CAD report) as evidence for the jury to consider in its deliberation process. (Am. Pet. at 6, Pet'r Ex. "Page Three.") Petitioner claims that the CAD report was "crucial to the defense," and that the trial court's "failure to admit the information into evidence as an exhibit cause[d] the defense to loose [sic] much of its integrity in demonstrating that the discription [sic] did not match that of the [Petitioner]." Again, liberally construing Petitioner's claim, he is alleging a violation of his due process right to a fair trial. Petitioner claims that "there is good cause for [his] failure to exhaust the aforementioned claims in state court . . . [because] for the past year or so [he] has proceeded without counsel and, while he has timely challenged his conviction in the state courts [as to his exhausted claims], he could not frame complex constitutional claims on his own." (Mot. for Stay at 2.)

Under the circumstances alleged by Petitioner, the Court finds that Petitioner has demonstrated good cause for his failure to exhaust his claims in state court. Specifically, good cause exists for Petitioner's failure to exhaust these claims on direct appeal because his claims could be raised by way of state habeas corpus. Furthermore, the Court notes that, liberally construed, Petitioner's unexhausted claims state cognizable bases for federal habeas relief. This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. <u>See</u>

3

1  Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of
2  permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to
3  pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not
4  granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that
5  the request is an abuse of the writ).  Additionally, the Court notes that Respondent has yet to file an
6  answer on the merits to the petition.  Because there is no evidence that Petitioner engaged in
7  intentionally dilatory litigation practices, he is entitled to have his petition stayed during the time he
8  exhausts his claims in state court.  See Rhines, 544 U.S. at 278; see also Olvera v. Giurbino, 371
9  F.3d 569, 573-74 (9th Cir. 2004) (a stay is clearly appropriate when valid claims would otherwise be
10 forfeited due to AEDPA's one-year statute of limitations).  Accordingly, Petitioner's motion to stay
11 the instant petition (docket no. 25) is GRANTED.  In light of the stay, Respondent's motion to
12 dismiss (docket no. 17) is DENIED.

## CONCLUSION

14      These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial
15 remedies.  Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be
16 lifted.  He must file quarterly reports describing the progress of his state court proceedings,
17 commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days**
18 thereafter until his state court proceedings are terminated.  He must also attach to his status reports
19 copies of the cover page of any document that he files with or receives from the state courts relating
20 to the claims.

21      The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this
22 action.  Nothing further will take place in this action until Petitioner receives a final decision from
23 the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the
24 Court's stay and amend the stayed petition to add the newly-exhausted claims.

25      This Order terminates Docket nos. 17 and 25.

4

1  IT IS SO ORDERED.

2  DATED: 6/23/08

                                                  *Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

28  P:\PRO-SE\SBA\HC.07\Hogan0779.stay-EXH.wpd  5

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER HOGAN, | Case Number: CV07-00779 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2008, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Eric David Share
State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Lester Hogan V-52254
California State Prison - Calipatria
P.O. Box 5005
Calipatria, CA 92233

cc: Lisa Clark, Gina Campbell

Dated: June 24, 2008

Richard W. Wieking, Clerk
By: Ivy L. Garcia for Lisa R. Clark, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Hogan0779.stay-EXH.wpd

6